UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1493 PA (AFMx) | Date | June 29, 2018 |
|---|---|---|---|
| Title | Chris Langer v. Zackary and Sons, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS - COURT ORDER**

    Before the Court is an Application for Default Judgment filed by plaintiff Chris Langer ("Plaintiff"). (Docket No. 15.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for July 2, 2018, is vacated, and the matter taken off calendar.

**I.**     **BACKGROUND**

    According to the Complaint, Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. Defendant Zackary and Sons, LLC ("Defendant") owns Carrusel Party Supply, which is a place of public accommodation located at 902 East 9th Street, Los Angeles, California (the "Property"). Plaintiff went to the Property to shop in March 2017; however, Defendant failed to comply with the accessibility requirements of the Americans with Disabilities Act ("ADA"). Plaintiff personally encountered a parking lot that did not provide disabled parking spaces required by the ADA. Furthermore, at the Property, the threshold is raised higher than 1/2 inch and that the transaction counters exceed 36 inches in height, in further violation of the ADA. Pursuant to the ADA, the Complaint seeks injunctive relief requiring Defendant to make its premises accessible to the extent required by the ADA. The Complaint also contains a state law claim for violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53, and seeks statutory damages pursuant thereto.

    According to the Proof of Service filed by Plaintiff (Docket No. 10), Defendant's agent for service of process was served by substitute service on March 16, 2018, and process was thereafter mailed on March 20, 2018. Defendant did not timely file an answer and has not otherwise appeared in this action. Upon Plaintiff's request, the Clerk entered Defendant's default on April 30, 2018. (Docket Nos. 12, 13.) Plaintiff then filed this Application for Default Judgment on June 4, 2018. To date, despite being served with notice of this Application, Defendant has not filed an opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1493 PA (AFMx) | Date | June 29, 2018 |
|---|---|---|---|
| Title | Chris Langer v. Zackary and Sons, LLC, et al. | | |

**II.  DISCUSSION**

    **A.  Liability**

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Here, the Court finds that these factors weigh in favor of granting Plaintiff's Application. In light of the well-pleaded allegations in the Complaint and Defendant's failure to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of the case outweighs Defendant's interest in adjudication on the merits. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

Accordingly, the Court grants Plaintiff's Application with respect to liability for violations of the ADA and the Unruh Civil Rights Act.

    **B.  Damages**

While allegations as to liability are deemed admitted in a motion for default judgment, allegations in the complaint regarding damages are not. Geddes, 559 F.2d at 560. Plaintiff seeks the minimum statutory damages of $4,000.00 pursuant to the Unruh Civil Rights Act. Cal. Civ. Code § 52(a). According to the Unruh Civil Rights Act, anyone who commits an act of discrimination under the Act "is liable for each and every offense for the actual damages, and any amount that may be determined . . . up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto . . . ." Id. "[P]roof of actual damages is not a prerequisite to the recovery of statutory minimum damages." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). The Court therefore awards Plaintiff statutory damages of $4,000.00.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1493 PA (AFMx) | Date | June 29, 2018 |
|---|---|---|---|
| Title | Chris Langer v. Zackary and Sons, LLC, et al. | | |

### C. Injunctive Relief

In addition, Plaintiff's Application seeks an injunction. The ADA permits private individuals to seek injunctive relief for public accommodations with architectural barriers. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). When a court has determined that the defendant violated the ADA, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [42 U.S.C. § 12181 et seq.]." 42 U.S.C. § 12188(a)(2). Here, the injunction sought would require Defendant to provide an "accessible parking space, accessible path of travel at the entrance, and accessible transaction counter at the property located at or about 902 East 9th Street, Los Angeles, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines." (Appl. 2; Proposed Order.) The Court will grant Plaintiff the requested injunctive relief.

### D. Attorneys' Fees and Costs

Finally, Plaintiff seeks an award of attorneys' fees in the amount of $4,137.50 and costs of $630.00. Under Title III of the ADA and the Unruh Civil Rights Act, a prevailing plaintiff may be awarded reasonable attorneys' fees and litigation costs. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). While Local Rule 55-3 provides a schedule of fees in the event of default judgment, "if a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee . . . without using the fee schedule as a starting point." Vogel v. Harbor Plaza Ctr., LLC, No. 16-55229, 2018 U.S. App. LEXIS 17174, at *11–12 (9th Cir. June 25, 2018).

To determine reasonable attorneys' fees, district courts first calculate the "lodestar" by multiplying the number of hours reasonably spent by a reasonable hourly rate. Pierce v. Cnty. of Orange, 905 F. Supp. 2d 1017, 1025 (C.D. Cal. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Gates v. Gomez, 60 F.3d 525, 534 (9th Cir. 1995); see Hensley, 461 U.S. at 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40. "In a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request – like other burdens – necessarily shifts to the court." Vogel, 2018 U.S. App. LEXIS 17174, at *14 (citing Tuli v. Republic of Iraq (In re Tuli), 172 F.3d 707, 712 (9th Cir. 1999)). Once the lodestar is determined, the Court then considers whether the lodestar amount should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). "There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (quoting Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1493 PA (AFMx) | Date | June 29, 2018 |
|---|---|---|---|
| Title | Chris Langer v. Zackary and Sons, LLC, et al. | | |

Here, Plaintiff is the prevailing party, and an award of attorneys' fees is appropriate. See Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1134 (9th Cir. 2002). According to Plaintiff's counsel, five lawyers with hourly billable rates between $350 and $425 worked a total of 10.9 hours on this action. (See Declaration of Dennis Price ISO Mot. & Ex. 1.) Plaintiff has included a billing statement that itemizes these hours. (Id.) The Court finds these rates and hours, as well as the total attorneys' fees sought, reasonable for this action. Thus, Plaintiff is awarded the attorneys' fees sought.

Finally, Plaintiff seeks an award of litigation costs. Specifically, Plaintiff seeks $400 in filing fees, $200 for an investigator, and $30 for service of process. The Court finds these costs reasonable and awards Plaintiff $630 in costs.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Application for Default Judgment is granted. Plaintiff is awarded $4,000.00 in statutory damages, $4,137.50 in attorneys' fees, and $630.00 in costs. The Court further grants Plaintiff the injunctive relief he seeks. The Court will enter a Judgment and Permanent Injunction consistent with this Order.

IT IS SO ORDERED.